IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenda Renee Couram, | ) | C/A No. 3:10-001-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Motor Vehicles; | ) | |
| Lula N. Davis; Connie Rhett; and Shirley | ) | |
| Rivers, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Glenda Renee Couram ("Couram"), who is self represented, filed this action alleging employment discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, as well as state law claims.[1] Specifically, Couram alleges that her employer, the South Carolina Department of Motor Vehicles ("the Department"), unlawfully discriminated against her based upon her age by failing to promote her, paying her disparate wages, subjecting her to a hostile work environment, and retaliating against her by demoting her. Couram also asserts state law claims for intentional infliction of emotional distress and civil conspiracy.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 48.) Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Couram responded to the defendants' motion (ECF No. 71) and the

---

[1] Although Couram mentions Title VII in her filings, her discrimination allegations are all based on age rather than any class protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

defendants replied (ECF No. 73). With leave of the court, Couram filed a sur-reply.[2] Having carefully considered the parties' submissions and the record in this case, the court finds that the defendants' motion for summary judgment should be granted.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine

---

[2] The court observes that Couram's sur-reply was not filed within the time permitted by the court. Even if the court considered this untimely filing, however, it does not affect the court's recommendation.

whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Eleventh Amendment**

The Department rightly asserts that it is immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

As a state agency, the Department is an arm of the State of South Carolina. See Will, 491 U.S. at 70. Accordingly, it is immune from suit in federal court unless it waives its immunity or Congress abrogates its immunity. Lapides v. Board of Regents, 535 U.S. 613 (2002) (noting that a State may waive sovereign immunity); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and

Page 3 of 9
PJG

citations omitted); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) ("Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.' ") (quoting Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000)). The Department has expressly not waived its immunity from suit in federal court. See S.C. Code Ann. § 15-78-20(e) (expressly stating that the State of South Carolina does not waive sovereign immunity from suit in federal court). Nor has Congress validly abrogated the states' immunity from suit for claims based upon the ADEA.³ See Kimel, 528 U.S. at 91. Accordingly, because they are all rooted in the ADEA, Couram's claims that the Department unlawfully discriminated against her based upon her age by failing to promote her, paying her disparate wages,⁴ subjecting her to a hostile work environment, and retaliating against her by demoting her all must fail.⁵

---

³ By contrast, the Supreme Court has held that Congress abrogated the states' immunity for employment discrimination claims based upon Title VII. See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). As stated above, although Couram asserts that her claims are based upon Title VII, they can only be construed as arising under the ADEA, since all of her claims assert unlawful treatment based upon her age.

⁴ Couram acknowledges in her sur-reply that to state a claim under the Equal Pay Act she must allege pay discrimination based on gender. She has failed to do so.

⁵ Couram's claims of discrimination based upon a failure to promote or unequal pay similarly fail because she did not exhaust her administrative remedies with regard to those claims. (See Defs.' Mem. Supp. Mot. Summ. J. at 10-11, ECF No. 48-1 at 10-11.) Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred). Furthermore, her claims that the Department failed to promote her to positions she applied for in 2004 and 2006 and her claim that she received unequal pay in late 2006 and early 2007 are time barred. See 29 U.S.C. § 626(d)(1)(B); (see also Defs.' Mem. Supp. Summ. J. at 12, ECF No. 48-1 at 12).

PJG

Couram's Complaint also seeks relief against several individual defendants, solely in their individual capacities. To the extent that Couram's claims under the ADEA are asserted against the individual defendants, the ADEA does not provide for an action against these defendants in their individual capacities. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994); see also Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that there is no individual liability under the ADEA or Title VII); McNeal v. Montgomery Cnty., Md., 307 Fed. Appx. 766, 775 n.6 (4th Cir. 2009) (unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."). Further, to the extent that Couram attempts in her response in opposition to the defendants' motion for summary judgment to re-characterize her claim against the individual defendants as arising under 42 U.S.C. § 1983 for alleged due process violations of the Fourteenth Amendment, this claim is not properly before the court. See Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"). Moreover, this claim would fail as a matter of law. See Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1366-71 (4th Cir. 1989) (holding that a plaintiff could not bypass the procedural and substantive provisions of the ADEA by pleading an age discrimination claim against defendants as a § 1983 claim).

**C.   State Law Claims**

The Department and the individual defendants are also entitled to summary judgment on Couram's state law claims.

Her claim against the Department for intentional infliction of emotional distress, commonly referred to as the tort of "outrage," is barred by the exclusivity provision of the South Carolina

Page 5 of 9

PJG

Workers' Compensation Act. See S.C. Code Ann. § 42-1-540 (making the Act the exclusive remedy for employees seeking damages for personal injuries arising out of and in the course of their employment); Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700 (S.C. 1993) (holding that intentional infliction of emotional distress, assault and battery, and mental trauma were covered by the exclusive remedy provision of the Workers' Compensation Act). Further, the South Carolina Tort Claims Act explicitly provides as an exception to the waiver of sovereign immunity that "[t]he governmental entity is not liable for a loss resulting from . . . any claim covered by the South Carolina Workers' Compensation Act." S.C. Code Ann § 15-78-60. Thus, under South Carolina law, Couram's exclusive remedy for damages against the Department resulting from any alleged intentional infliction of emotional distress is under the Workers' Compensation Act. See S.C. Code Ann. § 42-1-540.

Furthermore, Couram has failed as a matter of law to present sufficient evidence to establish a *prima facie* case of either of her state law claims. For intentional infliction of emotional distress, Couram must show that the defendants' conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency." Gattison v. S.C. State College, 456 S.E.2d 414, 416 (S.C. Ct. App. 1995). The conduct must be more than that which results in wounded feelings; rather, it must be reprehensible. Hansson v. Scalise Builders of S.C., 650 S.E.2d 68, 72 (S.C. 2007). Couram's allegations do not rise to this standard. For instance, she complains that her co-workers continued to refer to her as "Ms. Glen," a tradition of deference and courtesy in the South to which Couram objects, as she feels that it indicates that she was older than others in the workplace who were not referred to with the title "Ms." in front of their name. (See, e.g., Compl. ¶ 22, ECF No. 1 at 4; Resp. Opp'n Mot. Summ. J. at 10, ECF No 71 at 10.) She also provides examples of disputes with her supervisor, Defendant Davis, and contends that Defendants Rivers and Rhett took Davis's side rather

Page 6 of 9

PJG

than Couram's. Such workplace disputes and disharmony do not constitute the extreme and outrageous conduct required to establish the tort of intentional infliction of emotional distress.

As to the conspiracy claim, Couram must show: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff; (3) causing the plaintiff special damage. See <u>Hackworth v. Greywood at Hammett, LLC</u>, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009). A civil conspiracy claim must assert additional facts in furtherance of the conspiracy rather than simply re-allege other claims in the complaint. <u>Id.</u> Further, to show special damages, the plaintiff must allege damages beyond those allegedly sustained in other causes of action. <u>Id.</u> Finally, pursuant to South Carolina law, with regard to any civil conspiracy claim pending between July 1, 2010 and June 30, 2011 that is based upon a personnel or employment action or decision regarding a plaintiff employee, a government employee named as a defendant is immune from suit from such a claim if the court finds that the defendant government employee was acting within the scope of his or her official duties. <u>See</u> S.C. 2010-2011 Appropriation Bill, Act No. 291, H. 4657, Proviso 89.146 (eff. June 9, 2010). Here, Couram has not alleged additional facts in furtherance of the conspiracy other than the other claims in her complaint, she has not alleged any special damages, and she has not made any showing that the individual defendants acted outside the scope of their official duties. Accordingly, her civil conspiracy claim against the individual defendants fails as a matter of law.

Finally, in Couram's sur-reply, she asserts for the first time that she is asserting claims of age discrimination in violation of state law; however, this claim was not raised in Couram's Complaint and is therefore not properly before the court.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 48) be granted.[6]

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 10, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] Couram has filed a "motion to request permission to submit claim to state court prior to two year statute of limitations expiration as it relate to state claims." (ECF No. 67.) To the extent Couram seeks an advisory opinion about the viability of her claims in another forum, it would be inappropriate for this court to opine on that issue; therefore, her motion is denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).