**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Glenda Renee Couram,           )<br>                                                    )<br>               Plaintiff,            )<br>                                                    )<br>v.                                                )<br>                                                    )<br>South Carolina Department of Motor )<br>Vehicles; Lula N. Davis; Connie        )<br>Rhett; and Shirley Rivers, in their    )<br>Individual capacities,                    )<br>                                                    )<br>               Defendants,         )<br>_____) | Civil Action No. 3:10-001-MJP-PJG<br><br><br><br><br>**ORDER** |

This matter is before the Court pursuant to a report and recommendation submitted on November 12, 2010 by United States Magistrate Judge Paige J. Gossett, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. Also, there is before the Court a "Motion to Remand/Removal to State Court and Request to Amend Complaint" that was filed by Plaintiff on December 14, 2010.

In the underlying action, Plaintiff Glenda Renee Couram ("Plaintiff"), proceeding *pro se*, seeks monetary damages from her current employer, the South Carolina Department of Motor Vehicles (SCDMV), asserting alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e – 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 – 634, and the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206. Specifically, Plaintiff contends that the SCDMV failed to promote her and subjected her to a hostile work environment because of her age, paid her lower wages than her younger colleagues,

and retaliated against her by demoting her on the basis of her age. Plaintiff also asserts state law claims for outrage and civil conspiracy.

## I. BACKGROUND

Plaintiff is a fifty-two (52) year old African-American female. Plaintiff has been an employee of the South Carolina Department of Motor Vehicles (SCDMV) since October 2004, when she was hired as a temporary employee in the data entry section. On June 19, 2006, Plaintiff was hired into a full-time position as a Compliance Specialist in the tickets branch of SCDMV's driver records section. She was reassigned to a position within the information management branch of driver records on December 8, 2008, without loss of pay or title. Plaintiff remains employed by the SCDMV in this position to the present day.

On November 13, 2008, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). She asserted that she had been discriminated against, harassed, subjected to a hostile work environment, in violation of the Age Discrimination in Employment Act of 1967, and retaliated against her for engaging in unspecified, protected activity.[1]

After receiving notice of the right to sue, Plaintiff timely commenced this action against the Defendant on January 4, 2010. On August 11, 2010, the Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendants assert that summary judgment is warranted because (1) Plaintiff's claims pursuant the ADEA are barred by state sovereign immunity; (2) Plaintiff's claims pursuant to the EPA or Title VII fail because her complaints are based on age and neither statute forbids age discrimination; (3)

Plaintiff cannot establish *prima facie* cases of either age discrimination, age harassment, or retaliation because of age; (4) Plaintiff's claim for outrage is barred by the South Carolina Workers' Compensation Act; and (5) Plaintiff fails to establish a *prima facie* case of civil conspiracy. In her response to the Defendants' motion for summary judgment, Plaintiff urged the Court to deny summary judgment due to the Defendants' failure to meet the requirements of Rule 56(c).

Upon her review, the Magistrate Judge observes that the SCDMV is immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution and it has not waived its immunity. The Magistrate Judge observes that Plaintiff's ADEA claims against individual Defendants Davis, Rhett, and Rivers fail as a matter of law because the ADEA does not provide for actions against these defendants in their individual capacities. Citing Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (Accordingly, we [the Court] rejected the claim of individual liability under the ADEA); Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that there is no individual liability under the ADEA or Title VII); see also McNeal v. Montgomery Cnty., Md., 307 Fed. Appx. 766, 775 n.6 (4th Cir. 2009) (unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."). The Magistrate Judge further observes that the Plaintiff's evidence fails to establish a *prima facie* case of either outrage or civil conspiracy.[2] Therefore, the Magistrate

---

[1] Plaintiff only checked boxes for age discrimination and retaliation on her Charge of Discrimination, EEOC Form 5, which documents the type of discrimination Plaintiff claims she suffered. (See Docket Entry No. 48 – 2.)

[2] The Magistrate Judge also found that the claim for outrage, commonly referred to as intentional infliction of emotional distress, is barred by the exclusivity provision of the South Carolina Workers' Compensation Act. See S.C. Code Ann. § 42-1-540 (making the Act the exclusive remedy for employees seeking damages for personal injuries arising out of and in the course of their employment); see also Dickert v. Metropolitan Life Ins. Co., 428

Judge recommends granting the Defendants' motion for summary judgment.[3]

Plaintiff submitted various objections to the Magistrate Judge's Report and Recommendation. Plaintiff first voices her displeasure with the way the Magistrate Judge adjudicated discovery issues. Plaintiff then objects to the Magistrate Judge's observation that her claims are based solely on the ADEA and argues that she has appropriately brought claims under Title VII and 42 U.S.C. § 1983. Plaintiff further asserts that the South Carolina Tort Claims Act abrogates the State's Sovereign Immunity and the tort of outrage is not barred by the exclusivity provisions of the Workers' Compensation Act. Finally, Plaintiff argues that the breadth of her allegations support her claim for civil conspiracy since participation in a conspiracy is a question of fact. Plaintiff asks the Court to reject the Magistrate Judge's recommendation and allow Plaintiff her day in Court.

Additionally, on December 14, 2010, Plaintiff filed a "Motion to Remand/Removal to State Court and Request to Amend Complaint." In this motion, Plaintiff asks the Court to remand her claims to state court if jurisdiction is appropriate there. In the alternative, Plaintiff requests that the Court allow her to amend the Complaint to add claims for religious discrimination and harassment.

---

S.E.2d 700 (S.C. 1993) (holding that intentional infliction of emotional distress, assault and battery, and mental trauma were covered by the exclusive remedy provision of the Workers' Compensation Act).

[3] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

A.     Age Discrimination in Employment Act Claims

Plaintiff alleges that the SCDMV unlawfully discriminated against her based upon her age by failing to promote her, paying her disparate wages, subjecting her to a hostile work environment, and retaliating against her by demoting her. The ADEA addresses age related employment issues by making it "unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1). However, as the Magistrate Judge has observed, the SCDMV and individual Defendants Davis, Rhett, and Rivers are immune from an ADEA suit in federal court pursuant to the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. art. XI. The Supreme Court has consistently construed the Eleventh Amendment to bar suits against a state brought by its own citizens in federal court. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984). The immunity from suit conferred by the Eleventh Amendment extends both to suits against the state itself, suits against state agencies such as the SCDMV and its governing body, officers, and agents, which function as an arm or alter ego of the state.[4] Pennhurst, supra, at 100; see also Regents of the Univ. of California v.

---

[4] The SCDMV is without question a department of the State of South Carolina. See S.C. Code Ann. § 56-1-5.

Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Alabama v. Pugh, 438 U.S. 781 (1978); Hughes v. Blankenship, 672 F.2d 403 (4th Cir. 1982); Jensen v. Conrad, 570 F. Supp. 91, 96-97 (D.S.C. 1983); Coffin v. South Carolina Dep't of Social Services, 562 F. Supp. 579, 584 (D.S.C. 1983); United States v. State of South Carolina, 445 F.Supp. 1094, 1100 (D.S.C. 1977).  Eleventh Amendment immunity can be overcome if the state waives its constitutional immunity and consents to suit or, if Congress abrogates the state's immunity pursuant to its authority to enforce substantive provisions "by appropriate legislation." See U.S. Const. art. XIII, § 2; art. XIV, § 5; art. XV, § 2.

Clearly, the State of South Carolina has not waived its immunity regarding claims such as those asserted by the Plaintiff herein.  See S.C. Code Ann. § 15-78-20(e) (expressly stating that the State of South Carolina does not waive sovereign immunity from suit in federal court). Additionally, Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity in enacting the ADEA.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000). Thus, absent consent to suit or federal legislation abrogating the constitutional immunity of the State of South Carolina, neither the SCDMV nor individual Defendants Davis, Rhett, and Rivers, sued in their official capacities, are subject to suit under the ADEA.  Moreover, to the extent that Plaintiff asserts claims under the ADEA against individual Defendants Davis, Rhett, and Rivers in their individual capacities, the ADEA does not allow the Court to impose such liability.  See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994); see also Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that there is no individual liability under the ADEA or Title VII); McNeal v. Montgomery Cnty., Md., 307 Fed. Appx. 766, 775 n.6

(4th Cir. 2009) (unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."). Accordingly, the Defendants' motion for summary judgment regarding Plaintiff's federal age claims should be granted.

B.     Other Federal Claims

The Court agrees with the Magistrate Judge that although Plaintiff mentions Title VII and the EPA in her filings, her allegations regarding discrimination and retaliation are all based on age rather than any class protected under Title VII or the EPA. The Court further agrees with the Magistrate Judge that any claims arising under 42 U.S.C. § 1983 for alleged due process violations of the Fourteenth Amendment are not properly before the Court. See Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1366-71 (4th Cir. 1989) (holding that a plaintiff could not bypass the procedural and substantive provisions of the ADEA by pleading an age discrimination claim against defendants as a § 1983 claim). Accordingly, the Court overrules Plaintiff's objections to the Magistrate Judge's recommendation regarding claims brought pursuant to Title VII, the EPA, and 42 U.S.C. § 1983.

C.     State Law Claims

In addition to her federal age claims, Plaintiff also alleges state common law causes of action for civil conspiracy and outrage, which is commonly referred to as intentional infliction of emotional distress (IIED). The Court's jurisdiction over the state law claims is premised on supplemental jurisdiction. See 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir.1995) ("The

doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away."). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan, 58 F.3d at 110. The Court has been instructed to consider the following factors when making this determination: (1) "convenience and fairness to the parties," (2) "the existence of any underlying issues of federal policy," (3) "comity," and (4) "considerations of judicial economy." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). These factors, in this regard, support dismissal. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court dismisses Plaintiff's state law claims for civil conspiracy and outrage without prejudice.

D.     Plaintiff's Motion to Remand/Removal to State Court and Request to Amend Complaint

After submitting her objections to the Magistrate Judge's Report and Recommendation, Plaintiff filed a "Motion to Remand/Removal to State Court and Request to Amend Complaint" on December 14, 2010. Plaintiff seeks to have the Court remand her claims to state court if jurisdiction is appropriate there. This request cannot be granted because a federal court cannot remand a case to state court that was originally filed in federal court, even if a state court turns out to be the appropriate forum. In the alternative, Plaintiff seeks to amend the Complaint to add claims for religious discrimination and harassment.

Because amendment under Rule 15(a)(1) of the Federal Rules of Civil Procedure is unavailable to Plaintiff at this point in the litigation[5], she can only amend the Complaint with the

---

[5] Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint one time as a matter of course

opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Since the Defendants have not provided written consent to an amendment, the Court is instructed that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 – 27 (4th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. Id.

In this case, Plaintiff has requested amendment to add claims for religious discrimination and harassment which were not identified in her Charge of Discrimination. These claims are further being added well after the Magistrate Judge has recommended granting summary judgment on the other federal claims in this matter. Therefore, Plaintiff's motion to amend is hereby denied.

### III. CONCLUSION

Upon careful consideration of the record and for the foregoing reasons, the Court approves the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment as to Plaintiff claims for violating the Age Discrimination in Employment Act. Accordingly, the Defendants' motion for summary judgment as to Plaintiff's claims that the Defendants have violated the Age Discrimination in Employment Act is hereby **GRANTED**. The Defendants' motion for summary judgment is **DENIED** to the extent the motion seeks

---

before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). Here, the Defendants have filed their

dismissal with prejudice of the Plaintiff's state law claims for civil conspiracy and outrage. Instead, pursuant to 28 U.S.C. § 1367(c), Plaintiff's state law claims for civil conspiracy and outrage are hereby **DISMISSED** without prejudice.  It is further ordered that Plaintiff's Motion to Remand and Request to Amend Complaint is **DENIED.**

  **IT IS SO ORDERED.**


           **s/MATTHEW J. PERRY, JR.**
           **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**March 10, 2011**

---

responsive pleading and, therefore, amendment under Rule 15(a)(1) is unavailable to Plaintiff.