**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Glenda Renee Couram, ) | Case No. 3:10-001-MJP-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of Motor ) | **ORDER** |
| Vehicles; Lula N. Davis; Connie ) | |
| Rhett; and Shirley Rivers, in their ) | |
| Individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court by way of a motion filed by the Defendants pursuant to Rule 59(e) of the Federal Rules of Civil Procedure collectively seeking to amend the Judgment of this Court filed on March 11, 2011.  For the reasons stated below, the Court denies the Defendants' motion.

## I.    RELEVANT PROCEDURAL HISTORY

On January 4, 2010, Plaintiff timely commenced this action against the Defendants alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e – 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 – 634, and the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206.  (Pl.'s Compl., Docket No. 1.)  Plaintiff also alleged state law claims for outrage (commonly known as Intentional Infliction of Emotional Distress) and civil conspiracy.  After answering the Complaint and engaging in discovery, the Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on August 11, 2010.  (Docket No. 48.) Upon consideration of the record before the Court, the Magistrate Judge issued a Report and Recommendation on November 12, 2010 in

1

3:10-cv-00001-MBS     Date Filed 05/06/11   Entry Number 116     Page 2 of 4

which she recommended granting the Defendants' motion for summary judgment.  Plaintiff timely submitted various objections to the Magistrate Judge's Report and Recommendation.

On March 10, 2011, the Court issued an Order granting summary judgment to Defendants as to all of Plaintiff's claims based on violations of federal law.  The Court declined to exercise supplemental jurisdiction over the Plaintiff's remaining state-law based claims for outrage and civil conspiracy, and dismissed these state law claims without prejudice.  On March 17, 2010, Defendants filed the present motion requesting dismissal of Plaintiff's outrage and civil conspiracy claims.

On March 21, 2011, Plaintiff appealed the Court's March 10, 2011 Order to the United States Court of Appeals for the Fourth Circuit.  (Docket No. 102.)

## II.   LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  However, Rule 59 motions do not serve as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the

court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). Moreover, where, as here, a motion to amend a judgment under Rule 59(e) is filed before the notice of an appeal from the underlying judgment, the district court retains jurisdiction to dispose of a motion to alter or amend a judgment. See Fed. R. App. P. 4(a)(4); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982).

## III.    ANALYSIS

In support of their motion for relief pursuant to Rule 59(e), the Defendants argue that the Court should in its discretion exercise supplemental jurisdiction over Plaintiff's state law causes of action for outrage and civil conspiracy and dismiss these claims with prejudice. The Defendants assert that dismissal of Plaintiff's state law claims is appropriate upon consideration of factors such as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Citing Talamantes v. Berkeley Co. Sch. Dist., 340 F.Supp.2d 684, 690 (D.S.C. 2004). The Defendants fail however to identify an intervening change in the law, newly developed evidence, or clear error of law or manifest injustice which warrant altering the Court's prior opinion declining to exercise jurisdiction over Plaintiff state law claims. In fact, the Defendants admit that it is within the Court's discretion to determine whether or not to exercise supplemental jurisdiction over Plaintiff's causes of action for outrage and civil conspiracy. In this regard, the Court finds that the Defendants' arguments in their entirety do not warrant the Court to grant the relief requested by the Defendants in their motion. Accordingly, the Defendants' Motion to Amend is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.


_s/Matthew J. Perry, Jr._____
**MATTHEW J. PERRY, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**

**May 5, 2011**
**Columbia, South Carolina**