**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Glenda R. Couram, ) | Civil Action No. 3:10-00001-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Motor ) | |
| Vehicles; Lula N. Davis and Shirley ) | |
| Rivers in their individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Glenda R. Couram ("Plaintiff") filed this action pro se against Defendants, the South Carolina Department of Motor Vehicles, Lula N. Davis, and Shirley Rivers (collectively the "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Equal Pay Act of 1963, 29 U.S.C. § 206. (ECF No. 1.) Plaintiff also alleged in her complaint state law claims for outrage (commonly known as Intentional Infliction of Emotional Distress) and civil conspiracy. (Id.) On March 10, 2011, the court issued an order granting summary judgment to Defendants on all of Plaintiff's claims alleging violations of federal law. (ECF No. 94.) The court declined to exercise supplemental jurisdiction over the Plaintiff's remaining state-law claims for outrage and civil conspiracy, and dismissed those state-law claims without prejudice. (Id.) This matter is before the court on Defendants' bill of costs filed on March 14, 2011 pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. (ECF No. 97.) In the bill of costs, Defendants request that Plaintiff be taxed costs totaling $1,581.73, which amount consists of the cost of procuring the transcript of

1

Plaintiff's deposition in the amount of $1,571.30 and the cost of binding the court's courtesy copy of Defendants' motion for summary judgment in the amount of $10.43. (ECF No. 97-1.) Plaintiff filed objections to Defendants' bill of costs on March 21, 2011. (ECF No. 104.) For the reasons set forth herein, the court declines to tax Plaintiff costs as requested by Defendants.

## I.    RELEVANT PROCEDURAL HISTORY

On January 4, 2010, Plaintiff filed this action pro se against Defendants alleging that her employer, the South Carolina Department of Motor Vehicles (the "SCDMV"), failed to promote her, subjected her to a hostile work environment, paid her lower wages than younger colleagues, and retaliated against her by demoting her all on the basis of her age. (ECF No. 1.) Plaintiff also alleged state-law claims for outrage and civil conspiracy. (Id.) Defendants answered the complaint on January 13, 2010. (ECF No. 7.) The court granted Plaintiff's application for leave to proceed in forma pauperis on February 2, 2010. (ECF No. 16.) After engaging in discovery, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on August 11, 2010. (ECF No. 48.)

Upon her review of Defendants' motion pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's local rules, the Magistrate Judge issued a Report and Recommendation on November 12, 2010 in which she recommended granting Defendants' motion for summary judgment. (ECF No. 85.) Plaintiff submitted timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 89.) On March 10, 2011, the court issued an order granting summary judgment to Defendants on all of Plaintiff's claims alleging violations of federal law. (ECF No. 94.) The court declined to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for outrage and civil conspiracy, and dismissed those claims without

2

prejudice. (Id.) On March 14, 2011, Defendants filed the bill of costs presently before the court. (ECF No. 97.)

## II.     LEGAL STANDARD AND ANALYSIS

### A.     Standard

Fed. R. Civ. P. 54(d) declares that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. See Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see also Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999). To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. Teague, 35 F.3d at 996; see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990). In this regard, "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999); see also Smith v. Se. Pennsylvania Transp. Auth., 47 F.3d 97, 99 (3d Cir. 1995) (observing that a court may also decline to award costs under Rule 54(d) if such an award would be inequitable). Ultimately, the court has discretion to award or deny costs to the prevailing party. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233-34 (1964).

If an award of costs to a prevailing party is deemed appropriate, the court applying Fed. R. Civ. P. 54(d) generally looks to 28 U.S.C. § 1920 to determine what costs may be taxed against the losing party.[1] Pursuant to 28 U.S.C. § 1920, a court may tax the following expenses: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;

---

[1] Fed. R. Civ. P. 54(d) allows the prevailing party to recover costs where authorized by statute.

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920; see also Local Civil Rule 54.03 DSC. "The prevailing party bears the burden of showing that the requested costs are permitted by § 1920." Fells v. Virginia Dep't of Transp., 605 F. Supp. 2d 740, 742 (E.D. Va. 2009). "Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." Id.

**B.     Plaintiff's Objections to Defendants' Bill of Costs**

Plaintiff makes several arguments contesting the bill of costs. First, Plaintiff contends that she should not be taxed for the deposition transcript because "[i]t was not used at trial," the court's summary judgment ruling was not based on "what was in the deposition," and the deposition "was used and taken solely for the discovery process." (ECF No. 104.) Plaintiff further contends that she should not be taxed for binding costs because "nothing sent to her was bound and she saw nothing in the instructions that anything sent to the Judge should be bound." (Id.) Finally, Plaintiff asks the court to deny the bill of costs because it is "extremely high" given her financial "status." (Id.)

**C.     Costs Associated with the Transcript of Plaintiff's Deposition**

Defendants request that the court tax Plaintiff costs in the amount of $1,571.30 for the transcript from her deposition. Generally, a prevailing party is entitled to recover the cost of deposition transcripts "necessarily obtained for use in the case." 18 U.S.C. § 1920(2). The Fourth Circuit has generally favored the allowance of costs for deposition transcripts so long as

4

such costs were "reasonably necessary." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Moreover, in the District of South Carolina, a prevailing party is specifically entitled by local rule to recover costs associated with discovery depositions introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment.[2] Local Civil Rule 54.03(H)(2) DSC. Thus, Defendants should recover the requested deposition costs absent a "good reason" for denying the request.

The court finds that Plaintiff's financial status is modest and therefore it would be inequitable to assess costs against her. According to the information submitted in support of her application to proceed in forma pauperis, ECF No. 2, Plaintiff earns a net pay of approximately $22,365 a year or $590 every two weeks, and her monthly bills amount to $780 per month. (ECF No. 2, ¶¶ 2, 8.) In addition, Plaintiff has approximately $1,400 in her savings account. (Id. at ¶ 4.) Based upon an objective evaluation of Plaintiff's financial status, the court finds that Plaintiff does not have the ability to pay costs. Accordingly, the court, in its discretion, will not tax Plaintiff costs associated with the transcript of her deposition.

**D.     Costs Associated with Binding Courtesy Copy of Motion for Summary Judgment**

Defendants request that the court tax Plaintiff costs in the amount of $10.43 for binding the court's courtesy copy of the Defendants' motion for summary judgment that was submitted in accordance with the court's filing preferences. Defendant makes this request pursuant to paragraph 3 of 28 U.S.C. § 1920, which allows costs for "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3). However, in this court, fees sought under section 1920(3) "are not usually involved in trial court proceedings, but rather are taxed by the United States Court of Appeals and allowance added to costs recoverable in trial court (citing 28 U.S.C. § 1923(c), superseded

---

[2] In their memorandum in support of summary judgment, Defendants made numerous citations to the transcript from Plaintiff's deposition. (See ECF No. 48-1.)

by Fed. R. App. P. 39(c)).″ Local Civil Rule 54.03(D) DSC. Upon consideration of Local Rule 54.03 in combination with Plaintiff's economic status, the court, in its discretion, will not tax Plaintiff costs associated with binding the court's courtesy copy of the Defendants' motion for summary judgment.

### III. CONCLUSION

Based on the foregoing, the court hereby declines to tax Plaintiff costs as requested by Defendants in their bill of costs, ECF No. 97.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
UNITED STATES DISTRICT JUDGE

December 8, 2011
Columbia, South Carolina